NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada State Bar No. 13644
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>KAREN CHAPON,<br>     aka "Karen Hannafious,"<br><br>            Defendant. | 2:20-CR-286-JCM-NJK<br><br>**United States of America's Motion for an Interlocutory Order of Sale of the 2018 Mercedes Benz G63 AMG and Order** |

The United States moves this Court to issue an Order for an Interlocutory Sale of the gray 2018 Mercedes Benz G63 AMG sports utility vehicle held in the name of Karen Chapon, aka "Karen Hannafious,"(Chapon), VIN WDCYC7DH6JX291626 (2018 Mercedes) listed in the Criminal Indictment (ECF No. 22), authorizing the United States Marshals Service (USMS) to sell the 2018 Mercedes through one of its approved methods.

The grounds for granting the Order for an Interlocutory Sale of the 2018 Mercedes are as follows. First, the 2018 Mercedes continues to deteriorate pending the trial of Chapon. Second, the value of the 2018 Mercedes continues to depreciate. Third, the storage costs and other maintenance costs of the 2018 Mercedes will continue to accrue against its value. Fourth, the sooner the 2018 Mercedes is sold, the more net sale proceeds will exist. Fifth, a lien is accruing interest on the unpaid vehicle loan. Sixth, this Court is authorized to approve interlocutory sales.

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities, and the attached Exhibit.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

On October 21, 2020, the Grand Jury returned a Seven-Count Criminal Indictment (Indictment) (ECF No. 22), charging Chapon in Counts One through Four with bank fraud in violation of 18 U.S.C. § 1344; in Counts Five and Six with false statement to a financial institution in violation of 18 U.S.C. § 1014; and in Count Seven with unlawful money transaction in violation of 18 U.S.C. § 1957 and alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 18 U.S.C. 982(a)(2)(A); and 21 U.S.C. § 853(p).

This Court scheduled the jury trial for December 14, 2020 (ECF No. 26). Chapon requested to continue the trial to have more time to conduct an investigation in this case, and this Court granted it, scheduling the jury trial for May 17, 2021 (ECF Nos. 32, 33).

### B. Statement of Facts

On or about June 5, 2020, the defendant bought the 2018 Mercedes with a down payment $49,987.73, plus financing. ECF No. 22; Exhibit (Ex.) 1, Declaration of Thomas Lydiksen, Special Agent, FBI, attached hereto and incorporated herein by reference as if fully set forth herein. Chapon failed to make any car payments towards the vehicle. Ex. 1.

The Federal Bureau of Investigation (FBI) seized the property on August 12, 2020, with a civil forfeiture search and seizure warrant. On September 8, 2020, the USMS took custody of the 2018 Mercedes, and it began to accrue storage fees. The cost to the USMS to keep the 2018 Mercedes is expensive. As of December 2020, the amount due to the lienholder increased to $67,420.89. Ex. 1. The storage and maintenance fees will continue to accrue, and the 2018 Mercedes's costs and expenses will continue to increase.

At the time of seizure, the 2018 Mercedes value was $124,900. As of February 9, 2021, the vehicle's value was $107,600. Ex. 1. While the 2018 Mercedes is in storage, it will continue to depreciate.

/ / /

## II. ARGUMENT

This Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (paragraphs omitted). Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive. *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA*, No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (same).

The four reasons for the interlocutory sale apply in this case regarding the 2018 Mercedes: it will deteriorate while the criminal prosecution and forfeiture processes are completed; the storage and maintenance fees will continue to accrue; the loan payment is in default since Chapon made no car payments, and other good cause: the value of the vehicle depreciates over time, and the sooner the vehicle is sold, more net sale proceeds will be available. Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); see *United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir.1997) (explaining the district court orders an interlocutory sale when the property is deteriorating and decaying).

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supplemental

Rule G(7)(b)(ii). In this case, the USMS will sell the property as "governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures." Supplemental Rule G(7)(b)(iii).

In *United States v. Guzman*, No. 3:08-CR-23-2, 2013 WL 12228400 (M.D. Tenn. Oct. 7, 2013), the district court found and held:

> The Government has presented evidence suggesting that the value of the [property] continues to decrease with time and, as of last month, was approximately $16,500.00 less than the amount the Government had paid for storage and maintenance up to that point. Thus, the Court finds that the expense of keeping the [property] is both excessive and disproportionate to its fair market value. Given the apparent continued depreciation in value and rising cost of maintaining the [property], the Court finds an interlocutory sale is the best way to preserve its remaining value.

*Id.* at 2 (brackets added); *United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (explaining "that the Government's desire to avoid storage costs (particularly with respect to the twenty-two automobiles and the tractor trailers) and the risk of depreciation (particularly of the computers and other electronic items) constitute "good cause" for the interlocutory sale of the personal property …[,]" and the real property to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes.").

Without the Interlocutory order of sale, the property cannot be sold until the court enters the Final Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(4) and 21 U.S.C. § 853(h). If the government waits for the Final Order of Forfeiture, the value of the vehicle will have deteriorated and depreciated even further, and the storage and maintenance fees will continue to accrue.

"The sale proceeds are substitute res subject to forfeiture in place of the property that was sold[, and] the United States must maintain them in an interest-bearing account." Supplemental Rule G(7)(b)(iv); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).

After paying the cost and expenses to sell the vehicle and the storage and maintenance fees are subtracted, the net sale proceeds will be substituted in lieu of the 2018 Mercedes. *See United States v. Plunk*, 511 F.3d 918, 922-23 (9th Cir. 2007) (the value of the

property is when the property is sold); *United States v. Marshall*, 338 F.3d 990, 993-94 (9th Cir. 2003) (the property's valuation date is the net sale proceeds.). 21 U.S.C. § 853(g) ("Any income accruing to or derived from property ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties.") and (j); 19 U.S.C. §§ 1609(a) (after deducting expenses, proceeds of sale is the value of the asset for depositing), 1611 (sale proceeds cover costs or destroy the asset); 1613(a)and (b) (reducing the costs of seizure and sale; sale proceeds are reduced by payment of all property expenses of the proceedings of forfeiture and sale, including expenses of seizures maintaining the custody of the property, advertising and sale, and any additional costs taxed by the court).

**III. CONCLUSION**

Based on the foregoing reasons, the Court should order the interlocutory sale of the gray 2018 Mercedes Benz G63 AMG sports utility vehicle held in the name of Karen Chapon, aka "Karen Hannafious," VIN WDCYC7DH6JX291626 to mitigate further expenditures.

Dated: February 16, 2021.

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_James C. Mahan_
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE
DATED: March 19, 2021

5

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on February 16, 2021, and by

<u>Certified Mail Return Receipt and First Class Mail</u>:

Goldfein Attorneys at Law
Gregory Mgrditchian, Attorney at Law
140 East Ridgewood Avenue, Suite 415 South Tower
Paramus, NJ 07652

Daimler Trust, Daimler Title Co., and Mercedes Benz Financial Services, LLC
14372 Hermitage Parkway
Fort Worth, TX 76177

<u>/s/ Misty L. Dante</u>
MISTY L. DANTE
FSA Contractor Law Clerk

```
1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada State Bar No. 13644
3  DANIEL D. HOLLINGSWORTH
   Assistant United States Attorney
4  Nevada State Bar No. 1925
   501 Las Vegas Boulevard South, Suite 1100
5  Las Vegas, Nevada 89101
   (702) 388-6336
6  Daniel.Hollingsworth@usdoj.gov
   Attorneys for the United States
7
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-CR-286-JCM-NJK |
| Plaintiff, | **Index of Exhibits** |
| v. | |
| KAREN CHAPON,<br>aka "Karen Hannafious," | |
| Defendant. | |

Exhibit 1 ............................................Declaration of Thomas Lydiksen, Special Agent FBI

Exhibit 1 – Declaration of Thomas Lydiksen, Special Agent FBI

Exhibit 1 – Declaration of Thomas Lydiksen, Special Agent FBI

# DECLARATION OF THOMAS LYDIKSEN, SPECIAL AGENT
# FEDERAL BUREAU OF INVESTIGATION

THOMAS LYDIKSEN, Special Agent with the Federal Bureau of Investigation states as follows:

1. I am a Special Agent with the Las Vegas Division of The Federal Bureau of Investigation (FBI). I have been so employed as a Special Agent for approximately 2 years.

2. The 2018 Mercedes-Benz G63 AMG bearing VIN WDCYC7DH6JX291626 was taken into FBI custody on August 12, 2020. On September 8, 2020 the vehicle was relinquished to the custody of the United States Marshals Service and has remained in their custody to the present date.

3. This vehicle was purchased with a down payment of $49,987.73, plus financing. No payments were made towards the financing of the vehicle, and Mercedes-Benz Financial Services stated that as of December 2020, the vehicle had an outstanding balance of $67,420.89.

4. When the vehicle was seized in August 2020, it had a National Automobile Dealers Association (NADA) average retail valuation of $124,900. On February 9, 2021, the vehicle had a NADA average retail valuation of $107,600.

5. It costs approximately $270 per month to store the vehicle.

6. Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 9, 2021

*[signature]*
Thomas Lydiksen
Federal Bureau of Investigation