UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>KAREN CHAPON,<br><br>Defendant(s). | Case No. 2:20-CR-286 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Karen Chapon's motion to continue the pretrial motions deadline, calendar call, and trial date. (ECF No. 51). The government opposes a continuance. (ECF No. 54). This would be the third continuance of trial in this case.

Chapon is charged in a seven-count indictment that alleges she "fraudulently obtained hundreds of thousands of dollars in bank loans guaranteed by the Small Business Administration's Paycheck Protection Program (PPP)" amidst the COVID-19 pandemic. (ECF No. 54 at 2). The motions deadline was July 1, 2021 and trial—originally set for December 14, 2020—is now set for November 1, 2021. (ECF No. 37).

The court has broad discretion to grant or deny a continuance. *See United States v. Orlando*, 553 F.3d 1235, 1237 (9th Cir. 2009). The Speedy Trial Act, 18 U.S.C. § 3161 et seq., requires the criminal defendant's trial to commence within seventy days after his indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). Delay resulting from a continuance can be excluded if the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

**James C. Mahan**
**U.S. District Judge**

The court must make its findings on the record and should consider, among other things, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation; and whether the case, while not unusual or complex, would nonetheless deny counsel reasonable time to effectively prepare for trial. *Id.* § 3161(h)(7)(B). An ends of justice continuance must be specifically limited in time and be justified with reference to the facts at the time the delay is ordered. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997).

Chapon's continuance request is granted as to the pretrial motions deadline only. She avers that the government has "offered to agree to a three-week continuance of the motion deadline but not the trial date." (ECF No. 51 at 3). And the court agrees with the government's contention that Chapon and her counsel "have had more than enough time to prepare her defenses and any pretrial motions, including reviewing the relatively modest volume of discovery for a fraud case." (ECF No. 54 at 2).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Chapon's continuance motion (ECF No. 51) be, and the same hereby is, GRANTED in part and DENIED in part. The parties shall have up to and including September 9, 2021 to file pretrial motions and notices of defense. The calendar call and trial date shall remain unchanged.

DATED July 12, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**