UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>KAREN CHAPON,<br><br>                Defendant. | Case No. 2:20-cr-00286-JCM-NJK<br><br>**Order**<br><br>[Docket Nos. 86, 87] |

      Pending before the Court is a sealed stipulation for protective order and a motion to seal. Docket Nos. 86, 87.

      There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The motion to seal in this case includes no points and authorities or meaningful argument to overcome that presumption. *See* Docket No. 87. Moreover, it appears the parties filed the stipulation for protective order under seal because it identifies an entity by name, *see* Docket No. 87 at 2, which begs the question as to why a more general reference cannot be used, *cf.* Docket No. 1 (complaint referencing entities as "Bank 1" or the like), or why the parties are not seeking to merely redact that name rather than seal the entire document, *cf. Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) ("Any request to seal must also be 'narrowly tailored' to remove from the public sphere only material that warrants secrecy").[1]

---

[1] The motion to seal also appears to rest on the "nature of the sensitive non-public materials" at issue. Docket No. 87 at 1. Those materials are not actually attached to the stipulation for protective order and are described in very general terms, so it is unclear how this reasoning would support sealing the stipulation for protective order itself.

Accordingly, the Court **STRIKES** the stipulation for protective order (Docket No. 86) and **DENIES** without prejudice the motion to seal (Docket No. 87).

IT IS SO ORDERED.

DATED: October 6, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE