# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KAREN CHAPON,<br><br>　　　　　　　　Defendant. | Case No. 2:20-cr-00286-JCM-NJK<br><br>**Order**<br><br>[Docket No. 93] |

Pending before the Court is Defendant's motion to seal. Docket No. 93. Several issues require further exploration.[1]

First, the motion to seal was filed under seal, which is a disfavored practice. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 2016 WL 4944086, at *1 n.1 (D. Nev. Sept. 14, 2016). A motion to seal itself "should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information."

---

[1] A few preliminary points are in order. Unless the information at issue falls within a narrow range of records that are traditionally kept secret (*e.g.*, grand jury transcripts and warrant materials during a pre-indictment investigation), the Court begins any analysis of sealing court filings with the recognition that there is a strong presumption of public access to judicial records. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Court is safeguarding the public right to access, so sealing requests are not automatically granted simply because there may be no opposition from the parties to that relief. *E.g.*, *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). The fact that a party has designated documents as confidential pursuant to stipulated protective order does not, without more, justify sealing those documents when they are filed with the Court. *See Kamakana*, 447 F.3d at 1183; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (discussing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)); *see also* Docket No. 90 at 2 (stipulated protective order in this case requiring compliance with, *inter alia*, Local Rule IA 10-5 with respect to filing materials under seal).

*Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022). It is not clear why the motion to seal was itself filed under seal in this case.

Second, the motion to seal does not include any points and authorities in support of the sealing request, nor meaningfully developed argument.

Third, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material"). It is not clear why the entirety of the motion to compel warrants secrecy from the public as opposed to limited redaction.

The Court **INSTRUCTS** the Clerk's Office to maintain the pending materials (Docket Nos. 93 and 94) under seal at this juncture. To the extent either party seeks to keep these materials sealed or to redact these materials, that party must file a brief justifying that relief by February 21, 2023. The brief must include meaningfully developed argument and must include points and authorities. The brief must also either propose redaction in lieu of outright sealing or must explain why redaction is not feasible.

IT IS SO ORDERED.

DATED: February 14, 2023

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE