


**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KAREN CHAPON,<br>aka "Karen Hannafious,"<br>Defendant. | 2:20-CR-286-JCM-NJK<br>**Preliminary Order of Forfeiture** |

This Court finds Karen Chapon, aka "Karen Hannafious," pled guilty to Count Four of a Seven-Count Criminal Indictment charging her with bank fraud in violation of 18 U.S.C. § 1344(2). Criminal Indictment, ECF No. 22; Change of Plea, ECF No. 118; Plea Agreement, ECF No. 119.

This Court finds Karen Chapon, aka "Karen Hannafious," agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement and Forfeiture Allegation One of the Criminal Indictment. Criminal Indictment, ECF No. 22; Change of Plea, ECF No. 118; Plea Agreement, ECF No. 119.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and Forfeiture Allegation One of the Criminal Indictment and the offense to which Karen Chapon, aka "Karen Hannafious," pled guilty.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344(2),

or a conspiracy to commit such offense; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344(2), a specified unlawful activity as defined in 18 U.S.C §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense; and (3) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of 18 U.S.C. § 1344(2), or a conspiracy to violate such offense, affecting a financial institution and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p):

1. $504,385.19; and
2. Cash in lieu of a gray 2018 Mercedes Benz G63 AMG sports utility vehicle with vehicle identification number (VIN) WDCYC7DH6JX291626

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $596,931, and that the net equity of 2018 Mercedes after storage fees, costs, and expenses will be applied toward the payment of the money judgment under Ninth Circuit cases, forfeiture statutes, and Fed. R. Crim. P. 32.2(b)(2)(A).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Karen Chapon, aka "Karen Hannafious," an in personam criminal forfeiture money judgment of $596,931.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Karen Chapon, aka "Karen Hannafious," in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G4(b)(i) and (iv).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was

not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

Daniel D. Hollingsworth
Assistant United States Attorney
Misty L. Dante
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED Aug. 28, 2023.

James C. Mahan
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE