# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>KAREN CHAPON,<br><br>      Defendant. | Case No.:  2:20-CR-00286-JCM-NJK<br><br>**ORDER** |

      Presently before the court is defendant Karen Chapon's emergency motion to extend her self-surrender date, which is in two days.  (ECF No. 149).  For the reasons stated below, the court DENIES her motion.

      After Chapon pleaded guilty to one count of bank fraud, this court sentenced her on March 20, 2024, and ordered her to self-surrender to the Bureau of Prisons by noon on June 21, 2024.  (ECF No. 143).  On June 20, 2024, the court granted the parties' stipulation to extend Chapon's self-surrender date to July 5, 2024.  (ECF No. 148).  Chapon now files an emergency motion the day before the court is set to close for a federal holiday, on the eve of her self-surrender date, after the court already granted her a 14-day extension.

      Chapon seeks an extension until August 12, 2024, so that she may work three events that her event-planning business booked for July 12, July 16, and August 10, 2024.  (*Id.* at 2).  She also informs the court that her mother was recently discharged in Colorado after suffering a stroke and Chapon would "like to ensure that her mother is situated before she is required to surrender."  (*Id.* at 3).  While the court is sympathetic to Chapon's family situation, it nevertheless denies her request.

This is not a situation where Chapon has a minor child who would be left without care if she is ordered to self-surrender. *United States v. Khalili*, No. 2:19-CR-242-JCM-EJY, 2022 WL 13816823, at *1 (D. Nev. Oct. 21, 2022). Chapon's mother was well enough to be discharged, and Chapon's aunt is currently available to care for her mother until her brother can get to Colorado. (ECF No. 149, at 3). The court understands that a term of incarceration will be difficult for Chapon's family, but "the incarceration of a defendant commonly creates significant hardships for family members." *United States v. Rodriguez*, No. 15-cr-0254 (PJS/BRT), 2021 WL 1187149, at *3 (D. Minn. Mar 30, 2021).

Regarding the issue of Chapon's business—she has not demonstrated good cause to grant her requested extension. Custodial imprisonment presents universal hardships; Chapon's situation is not extraordinary, compelling, or unique. She has known of her self-surrender date since March 20, 2024. She had approximately three months to make arrangements for her business.

Chapon has a criminal history. She committed a serious crime. She attempted to obtain over a million dollars in fraudulent loans, and successfully obtained over $500,000. (ECF No. 119, at 8). To grant her requested extension would "undermine significant penological goals" and "send the wrong message." *United States v. Johnson*, No. CR 19-367, 2020 WL 4365598, at *3 (E.D. Pa. July 30, 2020).

. . .

. . .

. . .

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Karen Chapon's motion to extend her self-surrender date (ECF No. 149) be, and the same hereby is, DENIED.

DATED July 3, 2024.

																											*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE