1

2                                **UNITED STATES DISTRICT COURT**

3                                    **DISTRICT OF NEVADA**

4    UNITED STATES OF AMERICA,                    CASE NO.: 2:20-CR-00286-JCM-NJK

5                    Plaintiff,

6    vs.                                          **ORDER**

7    KAREN CHAPON,

8                    Defendant.

9

10        Presently before the court is defendant Karen Chapon's *pro se* motion for compassionate

11   release.  (ECF No. 151).  Chapon's appointed CJA counsel filed a supplement in support of her

12   motion.  (ECF No. 157).  The government filed a response (ECF No. 158), to which Chapon

13   replied (ECF No. 161).  For the reasons stated below, the court DENIES Chapon's request for

14   compassionate release.

15

16        Also before the court is the government's motion to seal Exhibit A of its response.  (ECF

17   No. 160).

18        **I.        Background**

19        Karen Chapon pled guilty to one count of Bank Fraud in March 2024 and was sentenced

20   to 30 months in custody.  (ECF No. 146).  Chapon has served approximately 8 months of her

21   sentence.  On January 2, 2025, Chapon filed a motion for compassionate release pursuant to 18

22   U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 151).  The court then appointed CJA counsel to determine

23

24   Chapon's eligibility for compassionate release.  (ECF No. 155).

25        **II.       Legal Standard**

26        Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a

27   defendant's motion for compassionate release and reduce his term of incarceration to time served.

28

1

2

3

4

5

6

Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.* The court may grant the defendant's motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

7

8

9

10

11

12

13

14

15

16

To grant compassionate release, the court must consider whether: (1) "extraordinary and compelling reasons" warrant release; (2) release would be "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) release is warranted under the "particular circumstances of the case" based on the factors outlined in 18 U.S.C. § 3553(a). *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy *any* of these grounds." *Id.*

17

18

19

20

21

22

23

Under the most recent U.S. Sentencing Guidelines amendment, "extraordinary and compelling reasons" include (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was a victim of abuse while serving his term of imprisonment; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release." U.S.S.G. 1B1.13(b).

24

25

26

27

28

The court need not "provide a lengthy explanation" for its decision on compassionate release so long as "context and the record reflect that [it] considered the defendant's substantive arguments and offered a reasoned basis" for its decision. *Wright*, 46 F.4th, at 950 (citations omitted). Ultimately, the decision to grant or deny compassionate release is within the district

court's discretion, but the defendant bears the burden of establishing his eligibility for

compassionate release. *Id.* at 951; *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**III.    Discussion**

As an initial matter, and with good cause appearing, the court grants the government's

motion to seal the defendant's medical records. (ECF No. 160).

A. Extraordinary and Compelling Reasons Warranting a Sentence Reduction

After considering the applicable 18 U.S.C. § 3553(a) factors and Sentencing Commission

policy statements, the court finds that compassionate release is not warranted in this case. In

order to justify compassionate release, a defendant must show that her medical condition

substantially diminishes her ability to provide self-care within the environment of a correctional

facility and that she is not expected to recover from the condition(s). U.S.S.G. §1B1.13.

Chapon argues she is suffering from chronic migraines and is receiving insufficient care

for hormone replacement therapy and other conditions. (ECF No. 151). Deterioration of a

medical condition and insufficient medical care can weigh in favor of compassionate release.

*United States v. Russell*, 1:21-cr-00158-DCN-2, 2024 WL 4851154 (D. Idaho Nov. 21, 2024).

But the important question is whether the defendant is suffering from a medical condition that

requires long-term or specialized medical care that is not being provided, and without which the

defendant is at risk of serious deterioration in health. *Id.*; U.S.S.G. §1B1.13(b)(1)(C). Chapon

falls short of that standard.

First, the record reflects that Chapon was prescribed daily medication to treat her

migraines while in prison. *See* ECF No. 159 at 2 (Chapon's Medical Records, filed under seal).

Suffering from persistent migraines, without more, is insufficient to warrant release. Chapon

also contends that she requires bloodwork to stabilize her postmenopausal hormone therapy

1   regimen which has been delayed.  But Chapon's motion is silent as to how her condition

2   substantially diminishes her ability to care for herself.  U.S.S.G. §1B1.13(b)(1)(C).

3        Moreover, Chapon fails to demonstrate how her condition is worsening or placing her at

4   risk of serious health deterioration.  *Russel*, 2024 WL 4851154.  Indeed, Chapon contends that

5

6   because of her family history of cancer, she is at "heightened risk for hormone-related

7   malignancies."  ECF No. 161 at 3.  But the mere possibility that Chapon may experience new

8   medical conditions based on family history is not extraordinary, nor compelling.

9

10       Chapon also argues that her family circumstances necessitate her release, claiming both

11  her mother and mother-in-law require assisted care.  To succeed, Chapon must make "a robust

12  evidentiary showing" that she is the only available caregiver to her mother and mother-in-law,

13  which she has not done.  *United States v. Bragg*, No. 12CR3617-CAB (S.D. Cal. February 19,

14  2021) (internal quotations omitted).  Here, Chapon concedes she and her partner share the

15  responsibility of caring for her mother-in-law.  ECF No. 161 at 4.

16

17       Further, Chapon alleges that her mother suffered two trans ischemic attacks and is in

18  deteriorating health.  While the court empathizes with Chapon's circumstances, the deterioration

19  of family members' health does not constitute extraordinary and compelling reasons to warrant

20  release.  *United States v. Baye*, 464 F.Supp.3d 1178 (D. Nev. 2020) (declining compassionate

21  release because "[m]any, if not all inmates, have aging and sick parents") (quoting *United States*

22
    *v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305 at *2 (S.D. Ohio July 16, 2019).
23

24       Based on the foregoing reasons, the court finds Chapon does not present extraordinary or

25  compelling reasons for compassionate release.

26  . . .

27  . . .

28

**B.     U.S.S.G. § 3553(a) Sentencing Factors**

Even if Chapon demonstrated extraordinary or compelling reasons for compassionate release, the court finds the applicable sentencing guideline factors weigh against release. *See* 18 U.S.C. § 3553. Chapon pled guilty to one count of Bank Fraud and was sentenced to 30 months in custody. She has an underlying criminal history involving fraud. Most importantly, Chapon served only approximately 4 months of her sentence before filing the instant motion, which the court finds insufficient to achieve its sentencing goal. 18 U.S.C. § 3553(a)(2).

Therefore, having considered Chapon's arguments and the applicable sentencing guideline factors, the court finds compassionate release is not warranted at this time.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Chapon's motion for compassionate release (ECF Nos. 151) be, and the same hereby is, DENIED, in accordance with the foregoing.

 IT IS FURTHER ORDERED that the government's motion to seal (ECF No. 160) be, and the same hereby is, GRANTED.

DATED: April 16, 2025.

_____
UNITED STATES DISTRICT JUDGE